UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kenneth R. Thompson,**

    **Plaintiff,**

**-V-**                                                                  Case No. 2:79-cv-00480
                                                                          JUDGE SMITH

**United States of America**
**Small Business Administration,**
**et al.,**

    **Defendants.**


## ORDER

The Court entered a final judgment in this case in favor of defendants, and against plaintiff, on November 8, 1983. On November 16, 2005, plaintiff moved to set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(4), arguing that the judgment is void as a result of denials of due process. In essence, plaintiff contends that in entering its judgment, the Court improperly relied on the alleged fraudulent representations of the Small Business Administration ("SBA") and the U.S. Attorney. For the following reasons, the Court denies plaintiff's motion to set aside judgment.

## I. Discussion

### A. Rule 60(b)(4)

Plaintiff purports to bring his motion under Fed. R. Civ. P. 60(b)(4), arguing that the judgment entered in this case is void. Fed. R. Civ. P. 60(b) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

### B. Timeliness

Defendant argues that plaintiff's motion is untimely. Plaintiff contends that motions under Rule 60(b)(4) are not subject to the "reasonable time" limit.

Claims under Rule 60(b)(4) must be filed "within a reasonable time." Fed. R. Civ. P. 60(b); Days Inn Worldwide, Inc. v. Patel, 445 F.3d 899, 903 (6th Cir. 2006); United States v. Leprich, 169 Fed. Appx. 926, 932 (6th Cir. 2006). "Reasonable time" is determined on a case-by-case basis in light of the length and circumstances of the delay, prejudice to the opposing party,

and any circumstances warranting equitable relief. Leprich, 169 Fed. Appx. at 932; Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). The Sixth Circuit has held that motions filed pursuant to Rule 60(b)(4) were untimely in numerous cases. See Days Inn Worldwide, 445 F.3d at 903 (motion filed over eleven months after judgment was untimely); Leprich, 169 Fed. Appx. at 932 (motion filed more than sixteen years after judgment untimely); Blachy v. Butcher, 129 Fed. Appx. 173, 179 (6th Cir. 2005)(motion filed more than three years after orders untimely); United States v. Dailide, 316 F.3d 611, 617-18 (6th Cir. 2003)(motion filed about four years after judgment untimely); Manohar v. Massilon Community Hosp., No. 99-3481, 2000 WL 302776, at * 1 (6th Cir. Mar. 17, 2000)(motion filed almost five years after judgment was untimely); Ohio Cas. Ins. Co. v. Pulliam, No. 96-6522, 1999 WL 455336, *2 (6th Cir. June 23, 1999)(motion filed after more than three years untimely); Richard v. Allen, No. 95-3451, 1996 WL 102419, at * 4 (6th Cir. Mar. 7, 1996)(motion filed about four years after judgment untimely).

 Here, plaintiff filed his motion to set aside judgment under Rule 60(b)(4) more than twenty-two years after the Court entered its judgment against him. Plaintiff's explanation for the

delay is as follows:

> The length of the delay is directly related to the extent of the actual trauma that the crimes of Officers of this Court from the Office of the U.S. Attorney have perpetrated against Plaintiff as cited in this pleading. The U.S. Attorney has had 22 years in which to make right the frauds that were perpetrated on this Court by Officers of this Court from the Office of the U.S. Attorney. . . . In the face of the criminal activity by Federal officials that are under the knowing protection of the U.S. Attorney, there should be no question why it has taken Plaintiff so long to directly confront this issue – Plaintiff is terrified of what the U.S. Attorney and his cohorts will do to Plaintiff without the protection of this Court. . . .

Reply to Response (Doc. 67) at 3-4. Thus, plaintiff asserts the delay is due the trauma arising from the U.S. Attorney's alleged crimes, the failure of the U.S. Attorney to make things right, and plaintiff's fear of the U.S. Attorney.

The Court finds that plaintiff has failed adequately to explain the delay of twenty-two years. That plaintiff suffered trauma, the U.S. Attorney did not right the alleged wrongs, and plaintiff is afraid of the U.S. Attorney simply do not sufficiently explain why plaintiff waited for such an inordinately long time to file his motion under Rule 60(b)(4). The Court therefore concludes that plaintiff's motion was not filed within a reasonable time as required by Rule 60(b) and a long line of Sixth Circuit precedent.

### C. Void Judgment

Plaintiff asserts that the Court's November 8, 1983 judgment is void because it resulted from the denial of due process. The SBA maintains that the Court afforded plaintiff the process that was due.

"A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir.1995)(quoting In re Edwards, 962 F.2d 641, 644 (7th Cir.1992)). Plaintiff contends that the Court's November 8, 1983 judgment is void because it was obtained in violation of plaintiff's due process rights. Plaintiff's due process theory is twofold. First, plaintiff maintains that the Court violated his right to due process when it declined to conduct an evidentiary hearing. Second, plaintiff avers that the evidentiary basis for the Court's ruling consisted of fabricated evidence.

Along with the Court's decision of April 22, 1981, the November 8, 1983 decision addressed the SBA's motion to dismiss for lack of subject matter jurisdiction. The Court generally does not hold live courtroom hearings on such motions because they typically present purely legal issues as opposed to

factual conflicts. In this case, the SBA's motion presented only legal issues. In light of this, the Court did not have occasion to rely upon any of the alleged fraudulent representations to which petitioner objects. Rather, it examined the case in light of plaintiff's complaint and controlling law. Furthermore, plaintiff was given notice and the opportunity to be heard by way of filing a response to the motion. For these reasons, the Court concludes that the judgment of November 8, 1983 is not void for lack of due process.

## II. Disposition

Based on the above, the Court **HOLDS** that plaintiff's motion to set aside judgment as void under Fed. R. Civ. P. 60(b)(4) is untimely, and in any event the judgment is not void for denial of due process. The Court therefore **DENIES** plaintiff's motion to set aside judgment (Doc. 58).

The Court further **DENIES** plaintiff's motion for discovery (Doc. 59), his motion to receive information (Doc. 62), his motion to vacate all companion judgments (Doc. 65), and his motion for a hearing to determine criminal culpability (Doc. 66).

The Clerk shall remove Doc. 58, Doc. 59, Doc. 62, Doc. 65, and Doc. 66 from the Court's pending CJRA motions list.

**IT IS SO ORDERED.**

 /s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**